NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000857
15-SEP-2014
09:11 AM

NO. CAAP-14-0000857

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DOREEN H. KUA, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 13-1-0132)

ORDER GRANTING AUGUST 21, 2014 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Plaintiff-Appellee State of Hawaii's (Appellee State) August 21, 2014 motion to dismiss appellate court case number CAAP-14-0000857 for lack of appellate jurisdiction, (2) Defendant-Appellant Doreen H. Kua's (Appellant Kua) August 28, 2014 memorandum in opposition to Appellee State's August 21, 2014 motion, and (3) the record, it appears that we lack appellate jurisdiction over Appellant Kua's appeal from the Honorable Randal G.B. Valenciano's announcement in the May 1, 2014 circuit court minutes that the circuit court intends to dismiss without prejudice the indictment against Appellant Kua for negligent injury in the first degree in violation of HRS § 707-705 (1993), because the circuit court has not entered a judgment in this case that is appealable pursuant to Hawaii Revised Statutes (HRS) 641-11 (Supp. 2013).

"Appellate jurisdiction in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Baxley, 102 Hawaiʻi 130, 133, 73 P.3d 668, 671 (2003) (citations and internal quotation marks

omitted). "In a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, see HRS § 641-11 (1993), from a certified interlocutory order, see HRS § 641-17 (1993), or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). Appellant Kua is not appealing from a certified interlocutory order under HRS § 641-17 (Supp. 2013) or from an interlocutory order denying a motion to dismiss based on double jeopardy.

Therefore, the only possible statutory basis for Appellant Kua's appeal is HRS § 641-11, under which "[a]ny party deeming oneself aggrieved by the judgment of a circuit court in a criminal matter, may appeal to the intermediate appellate court, subject to chapter 602 in the manner and within the time provided by the rules of the court." HRS § 641-11 expressly requires that "[t]he sentence of the court in a criminal case shall be the judgment." Id. Consequently, where there is "no conviction and sentence" in a criminal case, "there can be no appeal under HRS § 641-11[.]" State v. Kealaiki, 95 Hawai'i at 312, 22 P.3d at 591; see also State v. Ferreira, 54 Haw. 485, 487, 510 P.2d 88, 89 (1973) (Where a judgment of conviction does not include a sentence, then, under HRS § 641-11, "for purposes of appeal, we are of the opinion that the judgment entered in this case is not a final judgment conferring appellate jurisdiction on this court." (Footnote omitted)); State v. Johnston, 63 Haw. 9, 11, 619 P.2d 1076, 1077 (1980) ("In the instant case, appellant brought this appeal from the First Circuit Court's order denying his motion to dismiss the indictment. We hold that such an order is interlocutory and is not a final order or judgment. It is therefore not one that is appealable under HRS § 641-11.").

In the instant case, however, the circuit court has not even entered a written dispositive order, much less a written dispositive order that imposes a sentence. Instead, Appellant Kua is attempting to appeal from the circuit court's May 1, 2014 announcement in circuit court minutes that the circuit court intends to grant Appellant Kua's April 7, 2014 motion to dismiss the indictment against her without prejudice. Even when the

circuit court has clearly rendered an oral decision, if the circuit court does not enter a corresponding written order or judgment, then "[a] notice of appeal designating [the] oral order is nugatory." State v. Bulgo, 45 Haw. at 504, 370 P.2d at 482 (internal quotation marks omitted). "[A] minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added). Consequently, the circuit court's May 1, 2014 minutes announcing the circuit court's intent to grant Appellant Kua's April 7, 2014 motion to dismiss the indictment against her without prejudice does not constitute an appealable order.

We are not persuaded by Appellant Kua's argument in her memorandum in opposition to Appellee State's motion to dismiss that other statutes authorize the intermediate court of appeals to assume appellate jurisdiction over her appeal. Absent an appealable final judgment under HRS § 641-11, we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that Appellee State's August 21, 2014 motion to dismiss appellate court case number CAAP-14-0000857 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-14-0000857 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, September 15, 2014.

Chief Judge

Associate Judge

Associate Judge

3